**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUELO MARQUEZ appearing as the Substituted Party for MARISSA MCCLENDON, an individual, ) ) ) ) | NO. CV 18-628-E |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, ) ) ) | |
| Defendant. ) | |

_____)

**PROCEEDINGS**

Plaintiff filed a Complaint on January 24, 2018, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 2, 2018.

Plaintiff filed a motion for summary judgment on August 20, 2018. Defendant filed a motion for summary judgment on October 1, 2018. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed January 29, 2018.

# BACKGROUND

On December 9, 2013, Marissa McClendon, a former travel clerk, filed a claim alleging disability since May 1, 2012 (Administrative Record ("A.R.") 206, 231). In 2011, the Administration had denied Ms. McClendon's previous application for disability benefits (A.R. 66-73).

On March 23, 2014, prior to the completion of the administrative proceedings relating to her 2013 application, Ms. McClendon passed away suddenly (A.R. 485). Her death certificate indicates that the cause of her death was cardiac arrest (A.R. 220).[1] Following Ms. McClendon's death, her mother, Consuelo Marquez, continued to pursue the claim (A.R. 43-44).

The Administrative Law Judge ("ALJ") examined the record and conducted an April 26, 2016 hearing at which a medical expert testified (A.R. 20-204, 206-81, 291-736). In an August 2, 2016 decision, the ALJ found that, prior to her death, Ms. McClendon had several severe impairments but retained the residual functional capacity to perform a range of light work, including her past relevant work (A.R. 23-24). The Appeals Council denied review (A.R. 1-3).

///

///

///

---

[1] Plaintiff's motion inconsistently suggests both that Ms. McClendon's death resulted from a "slow process of gradually rejecting" a 1993 kidney transplant and that her death resulted from "progressive heart failure" (Plaintiff's motion at 7-8).

# STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///
///
///

**DISCUSSION**

2

3      After consideration of the record as a whole, Defendant's motion

4  is granted and Plaintiff's motion is denied.  The Administration's

5  findings are supported by substantial evidence and are free from

6  material[2] legal error.  Plaintiff's contrary arguments are unavailing.

7

8  **I.   Substantial Evidence Supports the Conclusion that Ms. McClendon**

9       **was Capable of Working Prior to her Death.**

10

11     A social security claimant bears the burden of "showing that a

12 physical or mental impairment prevents [her] from engaging in any of

13 [her] previous occupations." <u>Sanchez v. Secretary</u>, 812 F.2d 509, 511

14 (9th Cir. 1987); <u>accord</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5

15 (1987).  A claimant must prove: (1) her impairments prevented her from

16 working; and (2) either: (a) the disabling impairments lasted or could

17 be expected to last for a continuous period of 12 months; or (b) the

18 disabling impairments could be expected to result in death.  <u>See</u> 42

19 U.S.C. § 423(d)(1)(A).

20

21     Ms. McClendon's sudden death on March 23, 2014 does not establish

22 that she was disabled prior thereto.  <u>See id.</u>; <u>see also</u> <u>Purtell v.</u>

23 <u>Astrue</u>, 2013 WL 791583 (N.D.N.Y. Mar. 4, 2013) (upholding denial of

24 disability claim despite claimant's sudden death from a heart attack

25

26 _____

27          [2]   The harmless error rule applies to the review of
   administrative decisions regarding disability.  <u>See</u> <u>Garcia v.</u>
   <u>Commissioner</u>, 768 F.3d 925, 932-33 (9th Cir. 2014); <u>McLeod v.</u>
28 <u>Astrue</u>, 640 F.3d 881, 886-88 (9th Cir. 2011).

during the administrative proceedings).  In the present case,
substantial evidence supports the denial of the disability claim.

Significant medical opinion supports the denial of the claim.
Dr. Michael S. Wallack, a consultative examining internist, opined on
February 4, 2014, that Plaintiff retained a functional capacity
greater than the capacity the ALJ found to exist (A.R. 370-76).  This
opinion strongly supports the ALJ's non-disability determination.  See
Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007) (where an
examining physician provides "independent clinical findings that
differ from findings of the treating physician, such findings are
'substantial evidence'" to support a disability determination)
(citations and internal quotations omitted).  Dr. John Morse, a
cardiologist and internist, testified as a medical expert that Ms.
McClendon retained a capacity for light work prior to her death (A.R.
53).  This testimony provides further substantial evidence supporting
the ALJ's decision.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th
Cir. 1995) (where the opinions of non-examining physicians do not
contradict "all other evidence in the record" an ALJ properly may rely
on these opinions); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th
Cir. 1990) (same).

Additionally, many entries in Ms. McClendon's treatment records
suggest that Ms. McClendon's impairments did not disable her from
working.  For example, at various times Ms. McClendon reported to
medical providers that she was asymptomatic, exercised daily for 45
minutes at a time and could climb stairs and walk long distances with
no chest pain or shortness of breath (A.R. 362, 382, 401, 528, 530).

Some of the evidence in the record is in conflict.  However, it is the prerogative of the Administration to resolve such conflicts.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001); see also Treichler v. Commissioner, 775 F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" to resolve conflicts and ambiguities in the record").  Where, as here, the evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision.  See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

## II.  Plaintiff's Contrary Arguments are Unavailing.

Plaintiff argues that the ALJ erred in rejecting the opinion of a treating physician.  On November 5, 2013, Dr. Hector J. Rodriguez, one of Ms. McClendon's treating physicians, signed a one-page letter opining Plaintiff was "unable to work" and "permanently disabled" (A.R. 366, 368).

Generally, a treating physician's conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . .  This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d at 631-33 (discussing deference owed to treating physicians' opinions).  Where, as here, a treating physician's opinion is contradicted by another physician, the opinion can only be rejected

for specific and legitimate reasons that are supported by substantial evidence in the record.  <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995).[3]  Contrary to Plaintiff's argument, the ALJ stated sufficient reasons for rejecting Dr. Rodriguez' opinion.

The ALJ stated, <u>inter alia</u>, that Dr. Rodriguez' "conclusory statements" lack any "objective support" from "any underlying treatment notes" (A.R. 30, 33).  An ALJ may properly reject a treating physician's opinion where, as here, the opinion is not adequately supported by treatment notes or objective clinical findings.  <u>See</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject a treating physician's opinion that is inconsistent with other medical evidence, including the physician's treatment notes); <u>Batson v. Commissioner</u>, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings"); <u>Connett v. Barnhart</u>, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1019-20 (9th Cir. 1992) ("The ALJ need not accept an opinion of a physician - even a treating physician - if it is conclusory and brief and is unsupported by clinical findings"); 20 C.F.R. §§ 404.1527(c), 416.927(c) (factors to consider in weighing treating source opinion include the supportability of the opinion by

_____

[3]    Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

medical signs and laboratory findings, the length of the treatment
relationship and frequency of examination, the nature and extent of
the treatment relationship including examinations and testing, whether
the opinion is from a specialist concerning issues related to the
source's area of specialty, as well as the opinion's consistency with
the record as a whole).

As the ALJ also observed, Ms. McClendon's reported statements
concerning her symptoms and capabilities undercut any claim of
disability (A.R. 33) (ALJ noted that the record showed Ms. McClendon
"remained stable and asymptomatic despite noncompliance with
medication regimen. . . . [T]he claimant [was] stable and improved.
. . .").  Material inconsistencies between a treating physician's
opinion and a claimant's statements regarding symptoms and
capabilities can furnish a specific, legitimate reason for rejecting a
treating physician's opinion.  See, e.g. Rollins v. Massanari, 261
F.3d 853, 856 (9th Cir. 2001).

Plaintiff's motion also appears to challenge the ALJ's evaluation
of Plaintiff's claim under Listings 4.02 and 6.05.  Any alleged error
was harmless.  A claimant has the burden of demonstrating disability
under the Listings.  See Roberts v. Shalala, 66 F.3d 179, 182 (9th
Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  The claimant must
show that her impairment meets all of the specified medical criteria
for a listing, or present medical findings equal in severity to all of
the criteria for the one most similar listed impairment.  See Sullivan
v. Zebley, 493 U.S. 521, 530-31 (1990).
///

In the present case, Plaintiff concedes a failure to meet the "B" criteria of Listing 4.02, as well as a failure to meet the "B" criteria of Listing 6.05 (Plaintiff's Motion at 8). Plaintiff did not argue listings equivalence to the ALJ or present any medical findings in an effort to establish listings equivalence. "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Kennedy v. Colvin, 738 F.3d 1172, 1178 (9th Cir. 2013) (quoting Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). Under the circumstances presented, any alleged error in the evaluation of the Listings was harmless. See, id.; see also McLeod v. Astrue, 640 F.3d at 887 (claimant has the burden of proving an error was harmful).[4]

///
///
///
///
///
///
///
///
///
///
///

---

[4] Also harmless was the ALJ's error in stating that Ms. McClendon was capable of performing her past relevant work "through the date last insured" i.e. December 31, 2014 (nine months after Ms. McClendon passed away). See A.R. 33.

**CONCLUSION**

For all of the foregoing reasons,[5] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 15, 2018.

_____
                    /s/
                 CHARLES F. EICK
        UNITED STATES MAGISTRATE JUDGE

---

[5]     The Court has considered and rejected each of Plaintiff's arguments.  Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration.  See generally McLeod v. Astrue, 640 F.3d at 887-88 (discussing the standards applicable to evaluating prejudice).